INMATE RIGHTS AT DISCIPLINE HEARING

BP-A0293
AUG 11
U.S. DEPARTMENT OF JUSTICE

# Inmate Rights at Discipline Hearing CDFRM

FEDERAL BUREAU OF PRISONS

FILED - USDC -NH
2025 　　3 AM 11:20

Institution: FCI Berlin

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. ==The right to call witnesses== (or ==present written statements of unavailable witnesses==) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: DAVIS, Jonathan　　　　Reg. No.: 16126-040

Inmate Signature: _____　　　Date: 08/17/2024

Notice of rights given to inmate (Date/time): 08/17/2024

by: _____C. DAVIS_____1234_____
　　　　Staff Printed Name/Signature

(This form may be replicated via WP)　　　Replaces BP-S293(52) of JAN 88.

PDF　　　Prescribed by P5270　　　1

NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO)

| | |
|---|---|
| BP-A0294 | **Notice of Discipline Hearing Before the (DHO)** CDFRM |
| AUG 11 | |

U.S. DEPARTMENT OF JUSTICE          FEDERAL BUREAU OF PRISONS



FCI Berlin
Institution

08/17/2024
Date

TO: DAVIS, Jonathan      REG. NO.: 16126-040

ALLEGED VIOLATION(S): MAIL ABUSE, DISRUPT ML PRESSURE FOR LEGAL DOC.

DATE OF OFFENSE: 08/12/2024      CODE NO.: 299 MOST LIKE 231, 296

You are being referred to the DHO for the above charge(s).

The hearing will be held on: __Next Available__ at _____ (A.M./P.M.) at the following location:

_____

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) _X_ (do not) ___ wish to have a staff representative.

If so, the staff representative's name is: __Gravelin__

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) _X_ (do not) ___ wish to have witnesses.

NAME: Jenkins, Tykel      CAN TESTIFY TO:

NAME: Garcia, Brandon      CAN TESTIFY TO:

NAME:      CAN TESTIFY TO:

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: 08/17/2024      SIGNATURE:

Notice of hearing before DHO given inmate 08/17/2024 by C. DAVIS
                                       Date/Time            Staff Printed Name/Signature

(This form may be replicated via WP)      Replaces BP-294(52) of JAN 88

|  BP-A0288 | INCIDENT REPORT | |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | |
| Inmate's Name<br>DAVIS, JONATHAN | Register Number<br>16126-040 | Incident Report Number<br>3979143 |

### Part II - Committee Action

**17. Comments of Inmate to Committee Regarding Above Incident**

I got ~~three~~ two witnesses. The guys involved in the incident report. Im helping both of those guys for FSA and point reductions. This shot doesn't fit the definition of the prohibited act.

**18. A. It is the finding of the committee that you:**
- Committed the Prohibited Act as charged.
- Did not commit a Prohibited Act.
- Committed Prohibited Act Code(s)

**B.** ✓ The Committee is referring the Charge(s) to the DHO for further Hearing.

**C.** ✓ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

**19. Committee Decision is based on Specific Evidence as Follows:**

Refer to the DHO due to severity of incident report. Sanctions not available at the UDC level.

**20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)**

Committee recommends incident report # 3979143 be expunged due to body of incident report not meeting the definition of the shot.

**21. Date And Time Of Action** 8/17/24 1230 (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

C. DAVIS C.D.
Chairman (Typed Name/Signature)     Member (Typed Name)     Member (Typed Name)

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                          Replaces BP-S288.052

DISCIPLINE HEARING OFFICER REPORT



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#: 3979143 |
|---|---|---|
| | | Reg#: 16126-040 |
| Dept. of Justice / Federal Bureau of Prisons | | DAVIS, JONATHAN |

| Institution: BERLIN FCI | Incident Report Number: 3979143 | | |
|---|---|---|---|
| NAME OF INMATE: DAVIS, JONATHAN | REG.NO.: 16126-040 | UNIT: | 1 GP |
| Date of Incident Report: 08-12-2024 | Offense Code(s): 231 296 299 | | |
| Date of Incident: 08-07-2024 | | | |

Summary of Charges:
> (299 -- DISRUPTIVE CONDUCT-HIGH) MOST LIKE 231 -- PRESSURING INMT FOR LEGAL DOCS. 296 -- MAIL ABUSE, DISRUPT MONITORING.

## I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on **08-12-2024** at **1213 hrs** (by staff member) **J. Becker**

B. The DHO Hearing was held on **08-27-2024** at **0916 hrs**

C. The inmate was advised of the rights before the DHO by (staff member): **C. Davis** on **08-17-2024** and a copy of the advisement of rights form is attached.

D. Delay in Process **None**

## II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative: [Yes] ___ [No] **X**

B. Inmate requested staff representative and **Education Technician Grondin** appeared.

C. Staff Representative's Statement:
The staff representative stated that she had reviewed the packet and felt the inmate's rights had been complied with in this hearing. She indicated that they were ready to proceed with the hearing.

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: **NA**

E. Staff representative **NA** was appointed.

## III. PRESENTATION OF EVIDENCE

A. Inmate ( ) admits ( **X** ) denies the charge(s).

B. Summary of Inmate Statement:
**Inmate Davis denies the charges and stated, "I'm not pressuring anyone. There's no way to see if they qualify for compassionate release." When asked, "Why did you ask for inmate Garcia and inmate Jenkins information?" Inmate Davis replied, "Inmate Jenkins has a 22g, some cases you can get first step. I'm helping him apply for his first step act. He doesn't have the education level, he came to me seeking assistance. I work as law library clerk. I been in 22 years. I know a lot, study new laws. Garcia is same situation, just for compassionate release."**

BP-A0304    **DISCIPLINE HEARING OFFICER REPORT**    IR#: 3979143
Reg#: 16126-040
Dept. of Justice / Federal Bureau of Prisons    DAVIS, JONATHAN

C. Witnesses

1. The inmate waived right to witnesses. [Yes] __ [No] X

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
   NA

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
   Inmate Jenkins.

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
   NA

D. Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:
   Staff Memorandum, Inmate Profile, Inmate Center Report and Trulincs Messages.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
   NA

IV. FINDINGS OF THE DHO
   X A. The act was committed as charged.    __ C. No prohibited act was committed:
   __ B. The following act was committed:      Expunge according to inmate discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)

Your due process rights were read and reviewed with you by the DHO and you stated you understood your rights. The DHO notes you did request a staff representative and your staff representative stated that she had reviewed the packet and felt the inmates rights had been complied with in this hearing. She indicated that you were ready to proceed with the hearing. The DHO notes you did request a witness. The DHO read aloud the incident report. At no time during the DHO hearing did you raise any procedural issues or present written documentation as evidence.

The DHO will call witnesses who have information directly relevant to the charge and who are reasonably available. However, the DHO need not call witnesses adverse to you if their testimony is adequately summarized in the incident report or other investigation materials.

The DHO finds on August 12, 2024, you were charged with violating prohibited acts 231;


Requesting, demanding, pressuring, or otherwise intentionally creating a situation, which causes an inmate to produce or display his/her own court documents for any unauthorized purpose to another inmate and 299; Conduct Which Disrupts the Orderly Running of the Institution (Most Like 296: Use of the Mail for Abuses). The DHO does find sufficient evidence to support the prohibited acts 231; Requesting, demanding, pressuring, or otherwise intentionally creating a situation, which causes an inmate to produce or display his/her own court documents for any unauthorized purpose to another inmate and 299; Conduct Which Disrupts the Orderly Running of the Institution (Most Like 296: Use of the Mail for Abuses). Therefore, the prohibited acts 231; Requesting, demanding, pressuring, or otherwise intentionally creating a situation, which causes an inmate to produce or display his/her own court documents for any unauthorized purpose to another inmate and 299; Conduct Which Disrupts the Orderly Running of the Institution (Most Like 296: Use of the Mail for Abuses) are upheld.

To support this finding, the DHO relied upon staff member Thomas' written account of the incident paraphrased as follows: On August 12, 2024, at approximately 11:00AM, I was monitoring previously sent inmate emails. I monitored an email sent on August 7, 2024, at approximately 7:05AM to the email hollandlisa0408@gmail.com with the subject line "RE: update" from inmate Davis, Jonathan (Reg. No. 16126-040). This email is listed on inmate Davis's Trulincs account under the name Chantel Cornell with the relationship of friend on his Truview account. The email reads "as salaam aliakum my queen that wa needed they said i titled my motion as a motion to supplement and i never did that i sent in a motion for compassionate release. they play with the paper work sometimes tht's the clerk of the court. but anyway i sent in a motion to correct and clarify that issue. anyway how are you this morning? i am still anticipating starting class they had things going on yesterday that prevented class from tking place so we are scheduled for today. in'sha'allah.. i need two cases looked up please my love. tykel a. jenkins western district of new york 6:23-CR-06156-001 sentencing memorandum,docket, plea, sentencing please & brandon garcia new york 23-cr-00512 same as above. thank you my love. have a great and prosperous day. did you finish your modules for the naca?". Inmate Davis is running other FCI Berlin inmate names to determine their sentencing memorandum, docket, plea, and sentencing. Inmate Davis's conduct seriously jeopardizes the safe, secure, and orderly running of FCI Berlin.

The DHO relied upon staff member Thomas' supporting memorandum detailing the information relating to the inmate's involved.

The DHO relied upon the Inmate Profiles showing both inmate Jenkins and inmate Garcia housed at FCI Berlin.

The DHO relied upon the Inmate Center Report showing the email address hollandlisa0408@gmail.com added to inmate Davis' account listed as Chantel Cornell, Friend.

The DHO relied upon the Trulincs Messages sent from inmate Davis' account to hollandlisa0408@gmail.com which correlates with the description of the report.

The DHO considered that you stated, "I have two witnesses. The guys involved in the incident report. I'm helping both of those guys for FSA and point reductions. This shot doesn't fit the definition of the prohibited act," to the committee during your UDC hearing.

In addition to the previous written account of the incident, the DHO relied upon your statement during the DHO hearing in which you stated, "I'm not pressuring anyone. There's no way to see if they qualify for compassionate release." When asked, "Why did you ask for inmate Garcia and inmate Jenkins information?" Inmate Davis replied, "Inmate Jenkins has a 22g, some cases you can get first step. I'm helping him apply for his first step act. He doesn't have the education level, he came to me seeking assistance. I work as law library clerk. I been in 22 years. I know a lot, study new laws. Garcia is same situation, just for compassionate release."


In a correctional setting when you tell another person to leave general population or you look up their information or have someone look up their information pertaining to their court case/criminal misconduct/status from other prisons and relay it back to you, you are threatening their wellbeing. Inmates must feel safe on the compound without issues or threats. This type of behavior in a correctional setting will get someone hurt due to the unwarranted attention being drawn to him. On December 18, 2015, a memorandum was distributed to the entire inmate population via TRULINCS Bulletin Board from the Warden which reads: On Friday December 4, 2015, I conducted a town hall in each individual housing unit here at FCI Berlin. During this time, I clearly expressed my discontent with the ongoing actions and behaviors of inmates attempting to intimidate other inmates into Protective Custody. My expectations were clearly expressed to the inmate population regarding this type of unacceptable behavior. This behavior will not be tolerated.

Therefore, based on the greater weight of evidence, that being the written account of the incident and evidence provided, the DHO finds you committed prohibited acts 231; Requesting, demanding, pressuring, or otherwise intentionally creating a situation, which causes an inmate to produce or display his/her own court documents for any unauthorized purpose to another inmate and 299; Conduct Which Disrupts the Orderly Running of the Institution (Most Like 296: Use of the Mail for Abuses).

VI. SANCTION OR ACTION TAKEN
231 (FREQ 1) - DIS GCT 27 DAYS, 231 (FREQ 1) - LP COMM 3 MONTHS, 299 (FREQ 1) - DIS GCT 27 DAYS, 299 (FREQ 1) - LP VISIT 3 MONTHS

Concluding the hearing the inmate was informed: All sanctions imposed are effectively immediately. You will receive a typed copy of these decisions within 15 workdays. You may appeal the DHO's action(s) through the Administrative Remedy Program within 20 calendar days beginning upon receipt of DHO report.

When imposing a sanction of Disciplinary Segregation (DS), The Discipline Hearing Officer considered the time served as a primary means when calculating your sanction of (DS). This may not always be a viable option, due to concerns related to the safety of staff, safety of inmates or safety and security of the institution.

VII. REASON FOR SANCTION OR ACTION TAKEN
The action/behavior on the part of any inmate to threaten another with bodily harm or any other offense or request, demand, pressure, or otherwise intentionally create a situation, which causes an inmate to produce or display their own court documents for any unauthorized purpose to another inmate poses a threat to the health, safety and welfare of not only himself, but that of all other inmates and staff within the institution. This creates the potential for conflict between individuals, which interferes with the effective operation of the institution.

The use of inmate correspondence while incarcerated is a privilege, not a right. It is an important part of the institutions security that inmates only be allowed to contact those persons authorized. The action/behavior for inmates to abuse the email/mail system is a serious violation which jeopardizes the secure and orderly running of the institution. The type of behavior will not be tolerated. The sanctions imposed were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior. This will not be tolerated. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

The sanction against Good Conduct Time is used to comply with mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA). Privileges were taken to deter the inmate from this behavior in the future. Loss of visitation and commissary privileges are meant to demonstrate the seriousness of the offenses to you as well as everyone incarcerated at this facility.

| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#: 3979143 |
|---|---|---|
|  | | Reg#: 16126-040 |
| | Dept. of Justice / Federal Bureau of Prisons | DAVIS, JONATHAN |

VIII. APPEAL RIGHTS: **X** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| HAYDEN | HAYDEN | 09-17-2024 |

DHO Report Delivered to Inmate by:

| FILLION | _(signature)_ | 09-19-2024  10:15 |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

> The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

RP-10 INITIALLY FILED

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __DAVIS, JoNATHAN H.__  __16126-040__  __A-1__  __FCI BERLIN__
         LAST NAME, FIRST, MIDDLE INITIAL  REG. NO.  UNIT  INSTITUTION

**Part A - REASON FOR APPEAL** DHO Hayden failed to allow me the opportunity to defend myself by not interviewing, calling, or accepting the verbal or written statements of the two witnesses. The UDC hearing Officer Davis was presented with the statements from my witnesses and informed me that I would have to present those statements to my staff representative or directly to the DHO. UDC Officer Davis then made a recommendation that the incident report be expunged due to the insufficient evidence on the face of the incident report. In addition, Staff representative Groulin was present at my DHO hearing and can attest that the DHO hearing officer never inquired about the statements of the witnesses whom I requested. Thus, she (DHO), was in non-compliance with the Ruling in Wolff V. McDonnell which established the standard for prisoner rights to call witnesses as long as "There was no undue hazard to institutional safety or correctional goals." The DHO's decision to grant or not grant the witnesses's as requested should have been made in writing in the record, and should be supported by an explanation and the DHO report does neither. The lack of such explanation is a continued abuse of discretion and violation of Davis's Procedural Due Process Rights. The DHO's arbitrary decision unsupported on the record as required prejudiced Davis in the following ways, the Incident Report on the face asserted that First Davis requested, demanded, pressured, or otherwise intentionally creating a situation, which causes an inmate to produce or display his own court documents for any unauthorized purposes to another inmate. The Witnesses are both still in general population, there was never any requesting, demanding, or pressuring for the production of their public record paperwork, it was sought only in order to assist them with legal issues that are approved in both the BOP program statement as well as the Constitutional Rights of Prisoners which makes it an authorized reason.

  DATE  09/20/2024                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

FILED - USDC -NH
2025 JUL 3 AM 11:20

DATE RECEIVED
FEDERAL BUREAU OF PRISONS
OFFICE OF THE REGIONAL COUNSEL

SEP 27 2024

NERO - PHILADELPHIA

_____ DATE _____                     REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE                          CASE NUMBER: __1214322-R1__

**Part C - RECEIPT**
                                                     CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____ DATE _____                     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                                                                    BP-230(13)
                                                                           JUNE 2002

Second BOP program and policy statement 28 C.F.R §543.11 legal research and preparation of legal documents establishes and distinguishes between pressuring an inmate to expunge his dirty laundry and legal assistance providing inmates with competent assistance to address the courts and institutional programming and policy. That's why the incident language includes elemental specific language, i.e., creating a situation,...unauthorized purpose. Which helps and assist in the differentiation of what is and is not an authorized purpose for accessing and sharing case specific information. Davis did not run afoul of any policy statement, BOP program statement, nor the Rules Established in the the shot under the enumerated codes, and THEREFORE, the charges in the incident report should be dismissed, reversed, and expunged. All Good time Credits should be re-awarded to Davis, and Davis's Base offense custody classification score should be re-adjusted to the pre-incident status.