```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Jonathan H. Davis

    v.                            Case No. 25-cv-252-JL-AJ

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Self-represented petitioner Jonathan Davis, who is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire, filed a petition under 28 U.S.C. § 2241, challenging a disciplinary proceeding at the prison that resulted in sanctions against him. Doc. no. 1. The warden moved to dismiss the petition on the ground that it is now moot. Doc. no. 5. Davis did not respond to the motion to dismiss. For the reasons that follow, the district judge should dismiss the § 2241 petition as moot.

Background

In his petition, Davis challenges the disciplinary proceedings and sanctions imposed for an infraction charged in an incident report dated August 12, 2024. The incident report was in response to emails Davis sent seeking information about other inmates' cases. Doc. 1-3. Davis was charged with disruptive conduct and mail abuse. Id.

Davis denied the charges. Doc. no. 1-7. Davis explained

that he was not pressuring anyone for information and instead, as a law library clerk, he was helping those inmates with their motions for First Step Act relief and for compassionate release. Id., at 2. Davis asked to call the inmates as witnesses to corroborate his reasons for seeking information. Discipline Hearing Officer ("DHO") Hayden refused to call the requested witnesses, finding that their testimony would be irrelevant. Id., at 3. DHO Hayden concluded that Davis was guilty as charged, stating:

> In a correctional setting when you tell another person to leave general population or you look up their information or have someone look up their information pertaining to their court case/criminal misconduct/status from other prisons and relay it back to you, you are threatening their wellbeing. Inmates must feel safe on the compound without issues or threats. This type of behavior in a correctional setting will get someone hurt due to the unwarranted attention being drawn to him. On December 18, 2015, a memorandum was distributed to the entire inmate population via TRULINCS Bulletin Board from the Warden which reads: On Friday December 4, 2015,1 conducted a town hall in each individual housing unit here at FCI Berlin. During this time, I clearly expressed my discontent with the ongoing actions and behaviors of inmates attempting to intimidate other inmates into Protective Custody. My expectations were clearly expressed to the inmate population regarding this type of unacceptable behavior. This behavior will not be tolerated.

Id., at 5. The decision was affirmed on appeal. Doc. no. 1-6.

On July 3, 2025, Davis filed a § 2241 petition that alleges DHO Hayden deprived him of due process in the discipline

2

proceeding by not hearing testimony from the witnesses or accepting their affidavits. He is seeking return of the good conduct time that was taken as a sanction for the offenses and expungement of the disciplinary decision that has resulted in a custody status that prevents him from being transferred to a minimum security prison.

In support of the motion to dismiss, the government provides the declaration of Cheryl Magnusson who is a legal assistant in the Bureau of Prisons("BOP") located at the Consolidated Legal Center at the Federal Medical Center, Devens, Massachusetts. Doc. no. 5-2, ¶ 1. As part of her duties, Magnusson has access to the records of federal prisoners. Id., Doc. no. 5-2, ¶ 2.

Magnusson states in her declaration, that in response to Davis's petition, the BOP reviewed the incident report that was the basis for the charges against Davis. Id., at ¶ 4. "This review raised concerns about the disciplinary process and it was determined that sanctions imposed should be expunged from petitioner's disciplinary record." Id. As a result, between August 1 and August 4, 2025, the BOP removed the August 2024 incident from Davis's disciplinary record. Doc. nos. 5-3 & 5-4. In addition, the good conduct time was restored between July 29 and August 8, 2025. Doc. nos. 5-5 & 5-6.

## Discussion

The warden moves to dismiss Davis's petition as moot, given the recent expungement of his disciplinary record and restoration of the good conduct time. Davis did not file a response to the motion to dismiss.

"The doctrine of mootness enforces the mandate that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed." Lowe v. Gagne-Holmes, 126 F.4th 747, 755 (1st Cir. 2025)(internal quotation marks omitted). "So even if a suit presented a live dispute when filed, if events change such that the complaining party winds up with all the relief the federal court could have given it, the case is 'moot' and must be dismissed." Calvary Chapel of Bangor v. Mills, 52 F.4th 40, 46–47 (1st Cir. 2022) (cleaned up). When the BOP expunges the relevant disciplinary sanctions and restores good conduct time after a § 2241 petition is filed, the petitioner has received all of the relief the court could grant him and the claim is moot. Rosario v. Warden, FCI Berlin, No. 22-CV-175-JL, 2023 WL 4687820, at *2 (D.N.H. June 20, 2023), report and recommendation adopted (D.N.H. July 21, 2023), No. 22-CV-175-JL, 2023 U.S. Dist. LEXIS 126888, 2023 WL 4686854 (D.N.H. June 20, 2023).

Davis's good time has been restored, and the discipline

4

decision from the August 12, 2024, incident report has been expunged from his record. Because Davis has received all of the relief the court could grant under the § 2241 petition, Davis's claims are moot, and the petition must be dismissed.

## Conclusion

For these reasons, the district judge should grant the warden's motion to dismiss (doc. no. 5) Davis's petition.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 6, 2025

cc: Jonathan Hale Davis, pro se